Hay, Jxidge,
delivered the opinion of the court:
This is a suit brought by the plaintiff to recover from the United States the sum of $57,155.96, which sum the plaintiff alleges is due it because the defendant failed to advance to it the sum of $15,000, which sum the plaintiff alleges the defendant agreed to advance, but failed to include that provision in the contract which was entered into by the parties.
The plaintiff submitted to the defendant a proposal for a contract for a large number of tent pins. In that proposal the plaintiff said:
“If awards were given us * , * * we would ask the assistance of the Government to the extent of $15,000 in advance payment, to be invested in lumber and stored in our yard as a reservation to be drawn upon only in case of railroad failure to deliver * * *.” The defendant, in answer to the aforesaid proposal, wrote a letter to the plaintiff purporting to be an award of contract, based on the proposal. This letter, which is set out in the findings, made no mention of the $15,000 advance payment. The plaintiff accepted the award, and in its letter of acceptance stated, “ In accepting this it is understood that steps would be taken to advance us $15,000, to be used in the purchase of the lumber entering into this contract.”
On October 23, 1917, the formal contract embodying the terms of the contract was forwarded to the plaintiff, signed by the defendant. -
The plaintiff upon receipt of the contract forwarded it to a bonding company, which executed the same, and the plaintiff on December 5, 1917, signed the contract and returned it to the defendant. The contract filed with the petition as Exhibit D contained no provision as to the advance payment of $15,000.
On December 5, 1917, the plaintiff wrote to the defendant asking that .the advance payment of $15,000 be expedited. The defendant on December 8, 1917, advised the plaintiff that in order to support its application for an advance pay *43 ment the law and regulations required certain information from the plaintiff. The plaintiff failed to supply this information, but continued to insist upon the advance payment of $15,000. The defendant again advised the plaintiff that no advance payment could be made until the information asked for was given. The plaintiff did not give the information, and, failing thus to comply with the regulations which had been made to apply to all contractors who were applicants for advanced payment, the defendant refused to make the advance asked for by the plaintiff.
The plaintiff now contends that the provision for the advance payment of $15,000 was a part of the contract and that it signed the contract believing that that provision was-embodied in it, and that it is entitled to have the contract reformed and to have a recovery for the sum of $57,000, the damages which it alleges it has suffered by reason of the failure of the defendant to embody in the contract the provision for the $15,000 advance.
The facts do not bear out the contention of the plaintiff. It signed the contract, which it had in its possession for several weeks before signing it, and must be supposed to-have known what the contract contained, especially as it laid great stress upon the advance-payment provision. On the date when it signed the contract it also wrote the defendant as to the $15,000 advance, and when the Government pointed out to the plaintiff how it could obtain the advance it failed to comply with the law and regulations,, which compliance would have entitled it to the advance.
It is obvious that the defendant never intended that the provision for the advance payment should be included in the contract; its letter accepting the proposal, and the contract itself negative any such intention. The plaintiff had every opportunity to acquaint itself with the terms of the contract. If it did not do so, it can not now be heard to complain. It has no grounds to ask for a reformation of the contract. It has not shown that there was any mutual mistake as to its provisions.
The defendant having made no agreement to advance a payment can not be held to account for any damage which *44 the plaintiff may have suffered by reason of the fact that no advance was made.
The petition of the plaintiff must be dismissed. It is so ordered.
Geaham:, Judge; Downet, Judge; Booth, Judge, and Campbell, Chief Justice, concur.